# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: L.M. and L.S.**

**No. 13-0783** (Calhoun County.13-JA-2 and 13-JA-3)

**FILED**

**November 26, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Justin White, from the Circuit Court of Calhoun County, which terminated her parental rights to the subject children by order entered on July 8, 2013. The guardian ad litem for the children, Loren B. Howley, filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee A. Niezgoda, has also filed a response in support of the circuit court's order. Petitioner argues that the circuit court made erroneous findings of fact and conclusions of law based on the testimony of a DHHR caseworker.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2013, the DHHR filed the abuse and neglect petition that initiated this case. The petition provided that, in August of 2012, police seized a clandestine methamphetamine lab from petitioner's home. In September of 2012, petitioner entered into an in-home safety plan with the DHHR. As part of this safety plan, petitioner consented to a walk-through in January of 2013. During this visit, State Police found methamphetamine drug paraphernalia within easy reach of child L.M. Other reports provided that known illegal substance abusers and felons had been seen coming in and out of petitioner's home, and that there had been complaints of chemical smells coming from petitioner's home. At the time the DHHR filed its petition, petitioner was pregnant with L.S. At the adjudicatory hearing in February of 2013, petitioner admitted that she abused and neglected her children. The circuit court granted her a post-adjudicatory improvement period, which was accompanied by a family case plan. Upon the DHHR's motion to revoke this improvement period in March of 2013 after petitioner gave birth to L.S., who tested positive for alcohol and trace amounts of controlled substances, the circuit court revoked petitioner's improvement period. At this hearing, the circuit court heard testimony from two service providers, including Child Protective Services ("CPS") caseworker Alecia Martin.

At the dispositional hearing in June of 2013, the circuit court took judicial notice of Alecia Martin's prior testimony, and heard additional testimony, without objection. In its dispositional hearing order, the circuit court found that petitioner failed to avail herself of available services or make any progress toward correcting the issues that led to the DHHR's

1

filing of the abuse and neglect petition. After the circuit court terminated petitioner's parental rights to both children, petitioner brought this appeal.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner's sole argument on appeal is that the circuit court erred in terminating her parental rights because it made clearly erroneous findings of fact and conclusions of law based upon the testimony of Alecia Martin, the DHHR caseworker, when the State should have presented testimony from Family Advantage caseworker Jessica Greenleaf, who had worked with petitioner on her parenting skills courses.

Upon our review of the record, we find no error or abuse of discretion by the circuit court. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). Furthermore, "[t]he failure to object at the time and in the manner designated by Rule 103(a) of the West Virginia Rules of Evidence is treated as a procedural default, with the result that the evidence, even if erroneous, becomes the facts of the case." *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 234, 470 S.E.2d 177, 188 (1996). West Virginia Code § 49-6-12(f) provides:

When any respondent is granted an improvement period pursuant to the provisions of this article, the department shall monitor the progress of such person in the improvement period. When the respondent fails to participate in any service mandated by the improvement period, the state department shall initiate action to inform the court of that failure. When the department demonstrates that the respondent has failed to participate in any provision of the improvement period, the court shall forthwith terminate the improvement period.

We also bear in mind the following:

"[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Our review of the record reflects that petitioner never raised an objection during Alecia Martin's testimonies. We find that the DHHR presented clear and convincing evidence to support the termination of petitioner's parental rights. For instance, at the hearing on the DHHR's motion to terminate petitioner's improvement period, testimony provided that petitioner maintained poor contact with service providers, was noncompliant with drug screens, and that baby L.S. tested positive for alcohol and other drugs at birth. At the dispositional hearing, Alecia Martin testified that petitioner had made no changes between the prior hearing and present hearing. As such, the record supports the circuit court's findings and conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate custodial rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 26, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II